O

<mark>NO JS-6</mark>

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PLASTIC-VIEW INTERNATIONAL, INC., | ) ) | Case No. CV 14-07295 DDP (MRWx) |
| Plaintiff, | ) ) | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | ) ) | |
| EASTMAN CHEMICAL COMPANY and SPFILMS, INC., | ) ) ) | [Dkt. No. 14] |
| Defendants. | ) ) | |
| _____ | ) | |

Presently before the court is Defendants' Motion to Dismiss. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I.  Background**

Plaintiff Plastic View ATC, Inc. fabricates window shades for use in government air control towers.  (First Amended Complaint ("FAC") ¶ 2.)  Plaintiff Plastic-View International sells and supplies commercial window film and tinting products.[1]  (FAC ¶ 3.) Defendant Eastman Chemical Company develops and sells window

---

[1] Hereinafter, this Order refers to both Plaintiffs as "Plastic View."

tinting films.  (FAC ¶ 4.)  Defendant CPFilms is a wholly-owned
subsidiary of one of Eastman's wholly-owned subsidiaries.[2]

In 1997, Plastic View and Eastman jointly developed a special
window shade material for use in air traffic control towers.  (FAC
¶ 16.)  Plastic View alleges that Eastman did not want to grant
Plastic View exclusive rights to sell the new material, and that
the parties instead agreed that Eastman would pay Plastic View a
royalty of $0.11 per square foot of material sold.  (FAC ¶ 18.)
Eastman paid the royalties between 2001 and 2007, "then abruptly,
and inexplicably, stopped paying the royalty."  (Id. ¶ 19.)
Plastic View also co-developed two other products with Eastman in
1998, for which Eastman has never paid royalties.  (Id. ¶ 20.)

Separate and apart from the joint product development, Plastic
View and Eastman "have been in business together for over fifty
years whereby Plaintiffs purchase window shade and film material
from [Eastman] and sell these goods to [Plastic View]'s customers."
(FAC ¶ 21.)  Plastic View alleges that this relationship granted
Eastman access to unique, aviation-related customers and emerging
markets.  (FAC ¶¶ 25-26.)  Plastic View purchased almost $3 million
of product from Eastman between 2008 and 2012.  (FAC ¶ 27.)  In
January 2013, however, Eastman "terminated the supply of window
film products" to Plastic View.

Plastic View's FAC alleges ten causes of action, including
separate causes of action for breach of implied and oral contract
regarding both  royalty and supply agreements, breach of the
implied covenant of good faith and fair dealing, unfair business

_____

[2] This Order refers to both Defendants as "Eastman."

1  practices, account stated, unjust enrichment, and declaratory
2  relief.  Eastman now moves to dismiss.
3  **II.   Legal Standard**
4       A complaint will survive a motion to dismiss when it contains
5  "sufficient factual matter, accepted as true, to state a claim to
6  relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.
7  662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,
8  570 (2007)).  When considering a Rule 12(b)(6) motion, a court must
9  "accept as true all allegations of material fact and must construe
10 those facts in the light most favorable to the plaintiff." Resnick
11 v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint
12 need not include "detailed factual allegations," it must offer
13 "more than an unadorned, the-defendant-unlawfully-harmed-me
14 accusation." Iqbal, 556 U.S. at 678.  Conclusory allegations or
15 allegations that are no more than a statement of a legal conclusion
16 "are not entitled to the assumption of truth." Id. at 679.  In
17 other words, a pleading that merely offers "labels and
18 conclusions," a "formulaic recitation of the elements," or "naked
19 assertions" will not be sufficient to state a claim upon which
20 relief can be granted.  Id. at 678 (citations and internal
21 quotation marks omitted).
22      "When there are well-pleaded factual allegations, a court should
23 assume their veracity and then determine whether they plausibly
24 give rise to an entitlement of relief." Id. at 679.  Plaintiffs
25 must allege "plausible grounds to infer" that their claims rise
26 "above the speculative level." Twombly, 550 U.S. at 555.
27 "Determining whether a complaint states a plausible claim for
28 relief" is a "context-specific task that requires the reviewing

court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

## III. Discussion

    A.   Royalty Claims

Among other arguments, Eastman contends that Plastic View's claims for breach of an alleged royalty agreement are barred by the statute of limitations.  Any claim for breach of an unwritten contract, whether implied or oral, must be brought within two years, and accrues when the aggrieved party discovers the loss or damage.  Cal. Code Civ. Pro. § 339(1).  Plastic View alleges that Eastman stopped paying royalties after 2007.  Plastic View did not file its initial complaint in state court, however, until July 2014.

Plastic View asserts that its royalty-based claims did not accrue "until January 2013 when the business relationship between Plaintiff and Defendant ceased." (Opposition at 13.)  This contention, however, is inconsistent with both the FAC and Plaintiffs' opposition.  Nowhere in the FAC do Plaintiffs allege that they first learned of the failure to pay royalties in 2013.  Rather, the FAC alleges that Eastman "abruptly, and inexplicably, stopped paying the royalty" after 2007.  Similarly, Plaintiffs' opposition states that "Defendants had made numerous representations through January 2013 that it [sic] would continue doing business with Plaintiffs and that it would pay on past debts owed to Plaintiff's [sic] based on royalties that had not been paid since 2007 . . . ." (Opp. at 14-15.)  The argument that Plastic View did not discover the alleged breach until January 2013 is,

1   therefore, not persuasive.  All claims based upon the alleged

2   royalty agreement are dismissed as time-barred.[3]

3        B.    Sales Agreement Claims

4        The elements of a breach of contract claim are (1) the

5   existence of a contract, (2) performance or excuse for

6   nonperformance, (3) defendant's breach, and (4) damages.  <u>Oasis</u>

7   <u>West Realty, LLC v. Goldman</u>, 51 Cal.4th 811, 821 (2011).  <u>See</u>

8   <u>Rockridge Trust v. Wells Fargo, N.A.</u>, 985 F.Supp.2d 1110, 1141

9   (N.D. Cal. 2013).  A contract may be either express or implied.

10   Cal. Civil Code § 1619.  "A cause of action for breach of implied

11   contract has the same elements as does a cause of action for breach

12   of contract, except that the promise is not expressed in words but

13   is implied from the promisor's conduct."  <u>Yari v. Producers Guild</u>

14   <u>of Am., Inc.</u>, 161 Cal.App.4th 172, 182 (2008).

15        Eastman argues that Plastic View has failed to allege the

16   existence of a discernible sales contract.  The court agrees.  As

17   an initial matter, Plaintiffs cite only a single, pre-<u>Iqbal</u>

18   authority in opposing Eastman's contention.  Plaintiffs then argue

19   that "[t]he Sales Agreement is very simple.  Plaintiffs and

20   Defendants maintained a mutually beneficial purchase and supply

21   agreement with the understanding that Defendants would continue to

22   supply products for Plaintiffs to sell to their unique customers."

23   (Opp. at 13.)  The only other fact alleged in the FAC is that

24   Plaintiffs "have spent over thirty years developing their

25

26

27       [3] Having dismissed the royalty claims on this basis, the court

28   does not reach Eastman's other arguments regarding those same claims.

1    connections with customers and supplying them with products

2    manufactured by Defendants." (FAC ¶ 22.)

3        These allegations are not sufficient to plead even the

4    essential terms of the contract. See Unichappell Music, Inc. v.

5    Modrock Production, Inc., No. CV 14-2382 DDP, 2015 WL 546059 at *2

6    (C.D. Cal. Feb. 10, 2015); Gross v. Symantec Corp., No. C 12-00154

7    CRB, 2012 WL 3116158 at *11-12 (N.D. Cal. July 31, 2012). The FAC

8    includes no allegations regarding the products or quantities to be

9    supplied, any agreed-upon price, or any duration of or means of

10   terminating the supposed supply contract. Defendants cannot

11   reasonably be expected to defend against such a vague claim.

12   Plaintiffs supply agreement claims are therefore dismissed, with

13   leave to amend.[4]

14       C.   Unfair Competition Claims

15       Unfair competition claims under California Business and

16   Profession Code 17200 must have some connection to "the protection

17   of fair competition or the general public." Sacramento E.D.M.,

18   Inc. v. Hynes Aviation Indus., Inc., 965 F.Supp.2d 1141, 1154-1155

19   (E.D. Cal. 2013). Here, Plaintiffs appear to concede that the

20   manufacturer-supplier relationship the parties once allegedly

21   shared might not sustain a Section 17200 claim. (Opp. at 16.)

22   Plaintiffs contend, however, that "Defendant's aggressive conduct

23   as alleged in the FAC evidences Defendants' intent to . . . start

24   competing in the marketplace." (Id.)

25   _____

26       [4] Although the court grants Plaintiffs leave to amend these
     claims, such grant should not be read to suggest that the claims
27   are necessarily viable. Plaintiffs failed to address, for example,
     how any sales agreement for goods valued in the millions of dollars
28   would be exempt from the statute of frauds. See Cal. Comm. Code §
     2201(1).

1    Section 17200 claims of unfair business practices against a
2    competitor must generally be tied to some legislative policy or
3    actual or threatened danger to competition.  <u>Cel-Tech</u>
4    <u>Communications, Inc. v. Los Angeles Cellular Tel. Co.</u>, 20 Cal.4th
5    163, 180 (1999).  Plaintiffs appear to refer to allegations in the
6    FAC that Eastman continues to sell certain products to customers
7    other than Plastic View, and that Eastman raised its prices after
8    one of its main competitors exited the marketplace.  (FAC 29-30.)
9    It is not entirely clear, however, with whom Plastic View suggests
10   Eastman intends to compete.  The FAC alleges that Eastman continues
11   to sell products that it now refuses to supply to Plastic View, but
12   does not allege that Eastman sells directly to Plastic View's
13   customers or otherwise directly competes with Plastic View.  Nor do
14   Plaintiffs identify any allegations in the FAC to support their
15   conclusory assertion that Defendants' "business practices [] are
16   likely to deceive members of the public, and other competitors."
17   (Opp. at 16.)  Plaintiffs' Fifth Cause of Action is dismissed, with
18   leave to amend.
19      D.   Account Stated
20      An account stated is an agreement that items of an account are
21   accurate and that a specific sum is due from party to another;
22   <u>Comercializadora Recmaq Limitada v. Hollywood Auto Mall, LLC</u>, No.
23   12cv0945 AJB, 2013 WL 2248140 at *16 (S.D. Cal. May 20, 2013);
24   <u>Gleason v. Klamer</u>, 103 Cal. App. 3d 782, 786 (1980).  While the FAC
25   alleges the bare elements of an account stated claim, it identifies
26   no specific sum.  (FAC ¶ 95.)  The Eighth Cause of Action is
27   dismissed with leave to amend.
28      E.   Unjust Enrichment

1   Unjust enrichment is not an independent cause of action.
2   Comercializadora, 2013 WL 2248140 at *15.  In any event, a claim
3   for unjust enrichment requires that a defendant receive and
4   unjustly retain a benefit at another's expense.  Id. at *16.  Here,
5   the FAC does not adequately identify the benefit Eastman retained
6   by ceasing to supply its products to Plastic View.  The Ninth Cause
7   of Action is dismissed with leave to amend.[5]

8   **IV.   Conclusion**

9   For the reasons stated above, Defendants' Motion to Dismiss is
10  GRANTED.  Plaintiffs' time-barred royalty-based claims are
11  DISMISSED, with prejudice.  All other claims are dismissed with
12  leave to amend.  Any amended complaint shall be filed within
13  fourteen days of the date of this Order.

17  IT IS SO ORDERED.

20  Dated: March 20, 2015

21  DEAN D. PREGERSON
    United States District Judge

26  _____
27  [5] Having dismissed all other claims, the court also dismisses
    Plaintiffs' Tenth Cause of Action for declaratory relief.

8